IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Philip C. Reeves, | ) | C/A No. 0:25-11412-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Shaw Flooring,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Philip C. Reeves, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[2]

## I.      Procedural Background

Plaintiff is a pretrial detainee at the Greenville County Detention Center. Plaintiff alleges he "was a performer for Shaw Flooring from the years of 2013 to 2020 and is a private sector prison industries program of" the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 5.) He contends that he "performed in the prison industries" and received less than the

---

[1] The ECF docket lists these parties as defendants twice. The Clerk of Court is directed to terminate the duplicate parties.

[2] Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 2.)

minimum wage for his work.  (Id. at 6.)  He seeks unspecified declaratory relief and monetary damages.

## II.        Discussion

### A.        Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).  Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## B.     Analysis

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate that the court has subject matter jurisdiction in this case.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case,  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil

Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.  And no other basis for federal jurisdiction is apparent from the Complaint.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983.  Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to allege a violation of any federal or constitutional right.  Plaintiff supports his allegations with citation to Torrence v. SCDC, 861 S.E.2d 36 (S.C. Ct. App. 2021).  In Torrence, the South Carolina Court of Appeals held that South Carolina's statute providing that "[n]o inmate participating in the program may earn less than the prevailing wage for work of [a] similar nature in the private sector" governed inmate wage claims.  Id. at 646 (quoting S.C. Code Ann. § 24-3-430(D)).  Nothing in that case or the corresponding statute confers a federal right to a certain wage while in prison.

In fact, inmates have no constitutional right to a job while incarcerated. See Boyles v. West Virginia Div. of Corrections, C/A No. 5:12-182, 2013 WL 5728143, at *2 (N.D.W. Va. Oct. 22, 2013) (finding no federal constitutional right to prison job and collecting cases). And, to the extent Plaintiff's allegation is that he was denied wages he rightfully earned, Plaintiff fails to allege that he has been denied any meaningful post deprivation remedy by the state prior to coming to federal court. See Hudson v. Palmer, 468 U.S. 517, 530-536 (1984) (holding that deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Mora v. City of Gaithersburg, Md., 519 F.3d 216, 230-31 (4th Cir. 2008) (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate). Therefore, Reeves's express reliance on § 1983 to establish jurisdiction misses the mark. See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)); Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted). Therefore, federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). Plaintiff indicates that all three parties to this action reside in South Carolina. (See ECF No. 1 at 2-3.) In absence of diversity of citizenship, the amount in controversy is irrelevant.

## III.  Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

October 8, 2025
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).